Howry, Judge,
delivered the opinion of the court:
The findings are not to be taken or construed as the judgment of the court that this demand is a claim, legal or equitable, against the United States.
The case is not proven. The findings do not show the value of the property nor does it appear that the amount paid at the marshal’s sale exceeded the reasonable value of the life estate of the defendant in execution. On the contrary, it would seem that the purchaser received a fair equivalent in the use or occupancy of the property.
But whether Brugere as a purchaser profited by the transaction or lost money the law applicable to all the facts ought not to be ignored in determining the equities of the case. Though this is such a case that Brugere as a foreigner should be given the same consideration as the citizen — no more and no less — there are some general rules of law too well established to be overlooked.
*150 When an individual purchases property at an execution sale the purchaser voluntarily assumes the risk of acquiring a good title. Bids are usually graduated as to amount upon knowledge of value as well as information of the validity of the proceedings and of the title to be conveyed and such bids are raised or diminished in proportion to doubts respecting the vital matter of title to be acquired. The principle of caveat emptor necessarily comes into consideration because there is no warranty of title, and under these circumstances the law treats sales of this character when the money is paid by the purchaser and the conveyance delivered to him as closed.
Again, Governments are not liable for the mistakes of their agents and officers. There are instances, however, where Governments should not profit by their mistakes. They should not in equity and good conscience retain money not legally and rightfully coming into the Treasury.
The United States sold Slidell’s life estate under the act of Congress of July 17, 1862. Only the life estate of the person for whose offense the land had been seized and sold was subject to condemnation and sale. Nothing more was within the jurisdiction or judicial power of the court rendering the decree than to sell John Slidell’s life estate (Forrest v. Bigelow, 9 Wall., 341; Day v. Micou, 18 Wall., 156). There could have been no other decision, because the joint resolution explanatory of the act of Congress, commonly called the “ confiscation act,” approved July 17, 1862 (12 Stat. L., 589), was passed the same day, and it expressly provided that no punishment or proceedings under the act should be “ so construed as to work a forfeiture of the real estate of the offender beyond his natural life.” Brugere must have known this, and that ought to end this case, as the conveyance to Brugere put him upon notice of the limited title to be sold. Whether he actually knew it is not material. It was his business to know it.
Congressional cases, of which this is one, are peculiar to the jurisdiction of this court alone and have their origin in those acts (22 Stat. L., 485; 24 Stat. L., 505; Rev. Stat., 195) which authorize either house or a committee of either house, *151 of Congress to refer certain bills for a judicial investigation upon which findings are to be made and reported to the body transmitting the resolution. They are a separate class of cases designed to supply information so full and exact as to leave to the legislative body nothing to do but determine the justice of the complaint (usually transmitted in papers accompanying the bills) as a legal or equitable demand against the United States; or, as one resting upon no law but depending upon moral considerations of such character as may or may not fairly appeal to the bounty of the Government. The endeavor of the court is to frame the findings with accuracy such as to enable Congress to discriminate between a meritorious claim and an application for a gift as a mere matter of favor. In the class of actual “ claims ” so reported with an amount stated, it will generally be found that our findings rest upon an actual benefit either received by the Government or a liability assumed by the United States and where no equity exists there is generally something to show a want of merit.
It goes without saying that applications for “ grants, gifts or bounties ” unsupported by equities appearing in the findings and which do not according to the judgment of disinterested men obviously appeal to the conscience upon principles of right and justice, ought to be denied, nor can it be assumed that those charged with the duty of making appropriations will give any more consideration to claims not measuring up to the standards indicated than the court. But whatever of consequence may attach to applications the responsibility of the court ends with the fair and impartial statement of all the material facts arising out of the evidence in any cause within the jurisdiction of the court to report.
The necessity for care in discriminating between “ claims ” and applications for donations from the Public Treasury is apparent, inasmuch as the Congress never have the benefit of counsel when the cases leave this court to oppose an appropriation, while claimants are generally represented by attorneys when the matter reported comes to be considered for payment from the Public Treasury. While mere reports in favor of a claim create no vested right and are unlike *152 those results which flow from actions founded on the Constitution or laws of Congress under the general jurisdiction of the Court of Claims, and cases arising under special jurisdictional acts where opinions are generally required and judgments are very generally entered subject to appeal to the Supreme Court, there is yet considerable responsibility as well as labor in making up the findings notwithstanding their advisory character. The duty of sometimes showing the relations of the facts found to the law and adverting to the law applicable to the facts is strictly in line with the objects of the original organic law creating the court half a century ago, and in accord with the practice for many years whenever a special case seems to require an opinion.
The claim not being legal or equitable against the United States the amount, if anything is to be paid, rests with Congress alone by way of gift or gratuity.
The findings and this report will be transmitted to the Senate of the United States.